JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORFIRIO PEREZ, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>OLD DOMINION FREIGHT LINE, INC., a North Carolina corporation; GREGORY JUKIC, an individual and California resident; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 5:25-cv-02702-SPG-JDE<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 13]** |

Before the Court is the Motion to Remand, (ECF No. 13 ("Motion")), filed by Plaintiff Porfirio Perez ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

## I.    BACKGROUND

The following allegations are taken from Plaintiff's Complaint. (ECF No. 1-1 ("Complaint")). Plaintiff was employed by Defendant Old Dominion Freight Line, Inc. ("Old Dominion") beginning in 2001, first as a dockworker and later as a line haul driver.

(*Id.* ¶¶ 14-16).  Plaintiff alleges that, during his employment, he engaged in protected whistleblower activities by refusing orders to operate vehicles that did not comply with federal Department of Transportation ("DOT") safety regulations and by raising concerns with management about safety practices.  (*Id.* ¶¶ 20-24).  Plaintiff also alleges that, in September 2022, he suffered a work-related shoulder injury that required medical treatment. (*Id.* ¶ 25).  Rather than providing workers' compensation or offering reasonable accommodations, Old Dominion directed Plaintiff to see his own doctor and asked when he would be back to work.  (*Id.* ¶¶ 26-27).

In October 2022, Plaintiff attended a bi-yearly company interview with Regional Human Resources and Development Manager, Gregory Jukic ("Jukic," or, together with Old Dominion, "Defendants").  (*Id.* ¶ 28).  During this meeting, Plaintiff reiterated his safety concerns and complained to Jukic that Old Dominion treated driver complaints as the problem rather than addressing the safety issues. (*Id.* ¶ 29).  Jukic responded by asking Plaintiff, who was 48 years old, when he planned to retire, pointing out that Plaintiff had worked for the company for close to 22 years and must be "close to retirement."  (*Id.* ¶ 30).  When Plaintiff responded that he would not be retiring any time soon, Jukic stated: "When 25 years hits for me I'm going to retire.  Maybe you should think about that."  (*Id.* ¶ 31).

In November 2022, Old Dominion conducted an investigation into Plaintiff's electronic log device records and accused Plaintiff of falsifying his records by continuing to work off the clock instead of taking his meal breaks.  (*Id.* ¶ 33).  Plaintiff admitted that he had driven through lunch breaks but stated that he only did so in order to finish his route faster, based on the unrealistic time frames required by the company.  (*Id.* ¶ 34).  On November 28, 2022, Old Dominion informed Plaintiff that his employment would be terminated the following day for working off the clock.  (*Id.* ¶ 35).  Plaintiff alleges that other employees who committed the same violations received only write-ups, (*id.* ¶ 36), and he claims that his age and injury were motivating factors in the decision to terminate him, (*id.* ¶¶ 62, 107).

-2-

Plaintiff initiated this case on August 19, 2025, in San Bernardino County Superior Court, naming Jukic and Old Dominion as Defendants. Plaintiff alleges that Old Dominion is a North Carolina corporation, while Jukic is a resident of California. (*Id.* ¶¶ 6-7). Against Old Dominion, Plaintiff raises claims of age discrimination, harassment, disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, failure to prevent discrimination, whistleblower retaliation, wrongful termination, various wage-and-hour violations, and violations of the Unfair Competition Law ("UCL"). (*Id.* at 8-26). As to Jukic, Plaintiff raises claims of harassment, wage-and-hour violations, and violations of the UCL. (*Id.* at 9-11. 21-26).

Defendants removed the case to this Court on October 14, 2025. (ECF No. 1). On December 15, 2025, Plaintiff filed the instant Motion, seeking a remand to San Bernardino County Superior Court based on lack of diversity jurisdiction. (Mot.). On January 21, 2026, Defendants filed their opposition to the Motion, in which they argue that Jukic has been fraudulently joined as a defendant and that diversity jurisdiction is otherwise present. (ECF No. 16 ("Opposition")). Plaintiff replied in support of the Motion on January 28, 2026. (ECF No. 17 ("Reply")).

Defendants' Opposition is accompanied by declarations from Defense Counsel Sylvia J. Kim, (ECF No. 16-1 ("Kim Declaration")), Jukic, (ECF No. 16-2 ("Jukic Declaration")), and Old Dominion Line Haul Manager Jesse Lopez, (ECF No. 16-3 ("Lopez Declaration")). In her declaration, Defense Counsel details an exchange between the parties in which Defense Counsel asked Plaintiff's Counsel whether she intended to add any further allegations as to Jukic and stated that they would understand Plaintiff's Counsel's failure to respond to mean that Plaintiff has no additional allegations. (Kim Decl. ¶¶ 5-6). Defense Counsel states that she has not received any response to date. (*Id.*). In his declaration, Jukic attests that he was not Plaintiff's supervisor, was not involved in discussions regarding Plaintiff's accommodation request, and was not aware that Plaintiff sustained any injuries in his employment with Old Dominion. (Jukic Decl. ¶ 6). Finally, in his declaration, Lopez attests that, after receiving an anonymous tip, he conducted a

random audit of several Old Dominion drivers' logs, including Plaintiff's. (Lopez Decl. ¶ 4). Lopez states that three drivers admitted to driving while logged off for meal breaks and all three were terminated, including one driver under the age of 40. (*Id.*).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III.   DISCUSSION

The parties agree to the basic jurisdictional facts of this case, including that the amount in controversy exceeds $75,000, that Plaintiff and Old Dominion are of diverse citizenship, and that Jukic is a citizen of California whose presence in this action would defeat diversity jurisdiction. The sole disputed issue in this Motion is whether Jukic was properly named as a defendant or has been fraudulently joined.

Under the doctrine of fraudulent joinder, "courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 548. A defendant may establish fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). Under the latter approach, a removing defendant must show not only that the plaintiff has failed to state a claim but also that the "failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). As part of this inquiry, courts must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. "If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation omitted).

The parties first dispute whether and to what extent the Court may consider Defendants' affidavits. Plaintiff argues that the fraudulent joinder analysis "is generally limited to the allegations in the complaint" and that the Court should therefore disregard the declarations entirely. (Reply at 8). However, fraudulent joinder is an exception to the general rule that courts must determine the existence of federal jurisdiction "solely by an examination of the plaintiff's case." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). As the Ninth Circuit has explained, "[w]here fraudulent joinder is an issue . . . [t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal quotation marks and citation omitted). In evaluating such an argument, courts may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). Thus, the Court may consider the evidence put forth in Defendants' declarations. However, in evaluating a fraudulent joinder claim, courts must still "resolve all issues of

fact and all ambiguities in the law in favor of the non-removing party." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241-42 (C.D. Cal. 2015); *see also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ("In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."). Thus, the Court will not consider portions of the declarations that serve only to contest factual allegations in Plaintiff's Complaint.

As to Jukic, the sole claim at issue is a claim for harassment under California's Fair Employment and Housing Act ("FEHA").[1] Under the FEHA, it is unlawful "[f]or an employer . . . or any other person, because of . . . physical disability . . . [or] age . . . to harass an employee." Cal Gov't Code § 12940(j)(1). An individual "employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee." *Id.* § 12940(j)(3). To make out a harassment claim, "an employee must show she was subjected to harassing conduct that was (1) unwelcome; (2) because of [a protected characteristic]; and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment." *Bailey v. S.F. Dist. Attorney's Off.*, 16 Cal. 5th 611, 627 (2024). "A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b); *see also Bailey*, 16 Cal. 5th at 629 ("[A]lthough viable hostile work environment claims often involve repeated conduct, it is not required.").

With this background in mind, the Court now turns to Defendants' arguments in favor of fraudulent joinder. First, Defendants argue that Jukic's alleged comments about Plaintiff's retirement cannot qualify as harassment under the regulatory definition. (Opp.

---

[1] Plaintiff also names Jukic as a defendant in his wage-and-hour and UCL claims. However, in his Motion, Plaintiff states that, following meet-and-confer efforts with Defendants, he "has agreed to drop all causes of action against Mr. Jukic except one— Plaintiff's cause of action for harassment." (Mot. at 6). Accordingly, the Court will focus only on the harassment claim.

at 13).  Defendants also argue that, because Jukic himself is over 40 years old, there can be no inference of age-based animus.  (*Id.* at 14).

The Court disagrees.  California regulations state that "[h]arassment includes *but is not limited to*" an enumerated list of actions, including "[v]erbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act."  Cal. Code Regs. Tit. 2 § 11019(b)(1) (emphasis added).  While Jukic is not alleged to have said any slurs or epithets to Plaintiff, the Court cannot say as a matter of law that Jukic's comments recommending Plaintiff's retirement were not "derogatory."  Moreover, the regulatory definition is non-exhaustive; that Jukic's comments do not neatly fit into one of the enumerated categories would not be fatal to Plaintiff's claim.  Indeed, supplementing the regulatory definition, the California Supreme Court has defined harassment as "bias that is expressed or communicated through interpersonal relations in the workplace."  *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009).  Taking the allegations in the light most favorable to Plaintiff, Jukic's comments could be understood as age-related bias communicated through interpersonal relations.  While Jukic's own age may undermine the strength of any such inference, it is not a per se bar.  *See Castaneda v. Partida*, 430 U.S. 482, 499 (1977) ("Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group.").

Second, Defendants argue that California law distinguishes between harassment and discrimination, allowing only claims of harassment against individual supervisors.  (Opp. at 13).  Defendants contend that Jukic's alleged role in the investigation into Plaintiff's falsification of his driving logs constitutes "properly delegated personnel management authority," which may only support a discrimination claim, not a harassment claim.  (*Id.*).

The Court agrees that these allegations, by themselves, would not constitute harassment.  Under California law, discrimination claims relate to "the performance of necessary personnel management duties," while harassment claims are limited to "conduct outside the scope of necessary job performance."  *Janken v. GM Hughes Elecs.*, 46 Cal.

App. 4th 55, 63 (1996).  Thus, "commonly necessary personnel management actions such as hiring and firing . . . do not come within the meaning of harassment."  *Id.* at 64-65.  Taken on its own, then, the allegation that Jukic participated in the investigation and termination of Plaintiff could not form the basis for a harassment claim because firing an employee is a commonly necessary personnel management action.

However, the California Supreme Court has clarified that "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message," and may therefore "form the basis of a harassment claim."  *Roby*, 47 Cal. 4th at 708-09.  "This occurs when the actions establish a widespread pattern of bias."  *Id.* at 709.  Moreover, "acts of discrimination can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination."  *Id.*  Here, in addition to the allegations about his investigation and termination, Plaintiff alleges that other employees who committed the same violations were treated less harshly than he was.  (Compl. ¶ 36).  On these facts, a California court might find that Defendants' alleged discrimination also had a secondary effect of communicating a hostile message based on Plaintiff's age or physical disability.[2]  At the very least, a California court would likely grant Plaintiff leave to amend to add any additional allegations supporting the claim of a widespread pattern of bias.[3]  Because leave to amend would likely be granted, Jukic's joinder is not fraudulent on this basis.  *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be

---

[2] Defendants' assertion in the Lopez Declaration that two other employees were fired as a result of the investigation serves only to create a disputed issue of fact on this point, which the Court must resolve in Plaintiff's favor at this stage.

[3] While Defendants argue that Plaintiffs admitted to having no additional factual allegations by failing to respond to Defendants' email inquiries, Plaintiffs were under no obligation to reveal all possible factual allegations supporting their claim in response to Defendants' inquiries.

afforded leave to amend his complaint to cure the purported deficiency." (internal quotation marks, citation, and brackets omitted)).

Lastly, Defendants argue that the allegations against Jukic do not rise to the level of actionable harassment because they do not show that Plaintiff was subjected to "harassing conduct that was so *severe and pervasive* that it altered the terms and conditions of employment and created an abusive working environment." (Opp. at 15). Defendants acknowledge that a single incident of harassment can be sufficient to state a harassment claim, but they argue that no reasonable person could view the allegations here as sufficiently severe. (*Id.* at 17).

Again, the Court disagrees. In 2018, the California Legislature amended FEHA to make clear that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b). The Legislature also adopted the standard articulated by the dissenting opinion in *Harris v. Forklift Systems*, 510 U.S. 17 (1993), under which "[i]t suffices to prove that a reasonable person subject to the discriminatory conduct would find . . . that the harassment so altered working conditions as to make it more difficult to do the job." Cal. Gov't Code § 12923(a). The Legislature also clarified that harassment cases require a fact-specific examination of "the totality of the circumstances" and are "rarely appropriate for disposition on summary judgment." *Id.* §§ 12923(c), (e). Subsequently, California courts have recognized this as a "new standard" and have disapproved of prior case law requiring a "concerted pattern of harassment." *Beltran v. Hard Rock Hotel Licensing, Inc.*, 97 Cal. App. 5th 865, 880 (2023) (citation omitted).

Under this new, more permissive standard, the Court cannot say definitively that Jukic's alleged conduct did not alter Plaintiff's "working conditions as to make it more difficult" for Plaintiff to do his job. Cal. Gov't Code § 12923(a). Plaintiff alleges a single incident of harassing conduct in which Jukic asked him about his plans for retirement and

urged him to consider retiring.  Given the context of these comments—during Plaintiff's biannual employee review, held one month after he was injured on the job and immediately following Plaintiff's complaints about Old Dominion's handling of safety issues—a California court could find that the comments created a hostile or offensive working environment by communicating the message that Plaintiff was no longer welcome at the company due to his age or on-the-job injury.  Additionally, as discussed above, in assessing the viability of the claim, a California court might also consider the allegations related to Plaintiff's termination, based on the argument that his differential treatment from other employees had a "secondary effect of communicating a hostile message."  *Roby*, 47 Cal. 4th at 708.  At the very least, a court would likely grant leave to amend as to this latter line of argument.

In their Opposition, Defendants argue that Jukic's comments were not "as severe[] as the epithets outlined in *Bailey*."  (Opp. at 18).  But nothing in *Bailey* suggests that comments need to be equally severe as those at issue in that case to potentially state a cognizable claim.  Moreover, the *Bailey* court did not apply the new, more permissive standard set forth in § 12923.  *See Bailey*, 16 Cal. 5th at 630 n.5.  Defendants also cite two cases in which courts found fraudulent joinder under similar circumstances.  *See Pichon v. Hertz Corp.*, No. 17-cv-02391-EMC, 2017 WL 3215358, at *5 (N.D. Cal. July 28, 2017); *Wexler v. Jensen Pharms., Inc.*, No. CV 15-03518-AB (AJWx), 2015 WL 6159101, at *5 (C.D. Cal. Oct. 20, 2015).  However, given that these cases were decided prior to the enactment of § 12923 and relied on the lack of allegations of repeated conduct, the Court finds their reasoning unpersuasive.  Instead, given the California Legislature's clear indication that a single allegation can create a triable issue on a harassment claim and that such claims generally pose a factual question, the Court concludes that Jukic's joinder as a defendant was not fraudulent.  *See Williamson v. DHL Glob. Forwarding USA*, No. 2:24-cv-01476-WLH-BFM, 2024 WL 1759172, at *4 (C.D. Cal. Apr. 24, 2024); *Tolston v. Nike USA, Inc.*, No. 8:25-cv-00990-DOC-DFM, 2025 WL 2299368, at *5 (C.D. Cal. July 29, 2025).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.   This action is REMANDED to the San Bernardino County Superior Court, and this case is closed.

**IT IS SO ORDERED.**

DATED:  April 28, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-11-